**TERRY BARR SALES, L.L.C.,**
Plaintiff–Appellant,

v.

**AMCAST INDUSTRIAL CORPORATION, Defendant–Appellee,**

Harsco Corporation, Defendant.

No. 01–1097.

United States Court of Appeals, Sixth Circuit.

Aug. 25, 2004.

Terry Barr Sales, L.L.C., Randall J. Gillary, Kevin P. Albus, Randall J. Gillary, Troy, MI, for Plaintiff–Appellant Cross–Appellee.

Matthew F. Leitman, Miro, Weiner & Kramer, Bloomfield Hills, MI, for Defendant–Appellee Cross–Appellant.

Before NORRIS, BATCHELDER, and COLE, Circuit Judges.

BATCHELDER, Circuit Judge.

Terry Barr Sales, L.L.C. ("Terry Barr") brought this action against Amcast Industrial Corporation ("Amcast") claiming that Amcast had breached the Manufacturer's Representative Agreement between the parties by terminating the contract in violation of its terms; that Amcast had failed to pay Terry Barr post-termination commissions due under the contract, which commissions were to be calculated on a sliding or reducing scale according to the plain language of the contract; that if the plain language of the contract did not require that post-termination commissions were to be calculated on a reducing scale, then Terry Barr was entitled to a reformation of the contract to reflect that the parties had intended that the commissions be thus calculated; that the post-termination commissions were to be paid monthly rather than annually; that Amcast had violated the Michigan Sales Representative Commission Act by failing to pay Terry Barr the commissions due it and Terry Barr was entitled to double damages under the Act; and that Amcast had been unjustly enriched as a result of its actions. The district court granted summary judgment to Amcast on the claims for breach of contract, calculation of post-termination commissions on a reducing scale, reformation of the contract and unjust enrichment. The court granted summary judgment to Terry Barr on its claims that the commissions were to be paid monthly, and that Terry Barr was entitled to double damages under the Michigan Sales Representative Commission Act. Both parties timely appealed.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we are convinced that the district court did not err in its determination that no genuine issues of material fact remained for trial, or in its conclusions of law. As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.

We think it is important to note, however, that after the district court issued its opinions and final order in this case, the Michigan Supreme Court issued an opinion settling one of the issues on appeal here, namely, the question of whether the Michigan Sales Representative Commission Act, M.C.L. § 600.2961(5), requires evidence of bad faith before double damages may be imposed, or whether mere purposeful failure to pay a commission when due is sufficient. As the district court had predicted in its summary judgment opinion, the Michigan Supreme Court held that "[t]he clear and unambiguous language of the statute penalizes *intentional failure to pay*, without regard to the motivation of the principal. Under the language of the statute, it appears that the only cognizable defense to a double-damages claim is if the failure to pay the commission were based on inadvertence or oversight." *In re Certified Question from U.S. Court of Appeals for Sixth Circuit*, 468 Mich. 109, 659 N.W.2d 597, 602–03 (2003).

The judgment of the district court is AFFIRMED.